Our next case this morning is number 21-2098. Okay, Mr. Bonk. Good morning, Your Honors. May it please the Court, Christopher Bonk for Petitioner Mr. William Coy. At this time, I'd like to reserve three minutes for rebuttal. In this case, Petitioner Mr. Coy has been fired twice for the same allegations by the agency without the first removal action ever being rescinded by the agency or returned by a final another court. What's the status of the appeal that was before the board with respect to the first termination? It still remains pending on PFR, Your Honor. So still to date, it is pending on PFR. Mr. Coy was returned to an interim relief status. Upon filing of that PFR by the agency, subsequently was terminated again with a second termination action. So that first termination action was never rescinded. So he was not placed back in the status quo ante pursuant to that first termination action. Now, the two main issues I want to address here today. So why should it make a difference that there was a termination that was set aside on procedural grounds? Why should that bar a second termination? Judge, because it was not yet set aside. There has been no final termination. No, but what is the matter? You know, what sense does that make? Why should it make any difference? Your Honor, the first termination, there hasn't been a final decision. And the reason that that's impactful here is because there's nothing that's going to help him in this case, regardless of the outcome of the first termination, right? How would it help him in this case? I disagree, Your Honor. The possibility remains of possible inconsistent decisions here. The first termination action still has no final decision from the MSPB. So it's sitting on PFR at the board as we speak. The MSPB still, with finding on the PFR there, could uphold the due process termination. It could not. It could still issue some determination of the merits. The merits are the same exact merits that are at the termination issue here today. So the impact is that... whether there was a due process violation. Is that right? In part, Judge, the due process violation is raised to the board in the agency's PFR, certainly. The merits are briefed fully, of course, for that action. And so there's no reason to believe that the board would not be able to make a determination, make a finding on the merits. Has anyone challenged the merits? Judge, Mr. Coy did file across PFR. That does raise the merits concern because the merits aren't discussed at length in the judge's initial decision of finding the due process violation. So it is not outside the realm of possibility that the merits would be at issue in the board's determination on that first termination. Even though the merits weren't addressed by the administrative judge in the first decision? I'm sorry, Your Honor. I did not hear the administrative judge in the first decision or did the judge simply remand for due process reasons? The judge in the first decision, Your Honor, did discuss the merits at some length and not issue a finding on them because it was... How could the appellate review issue a finding on the merits if the fact finder did not? How could the board address the merits if the fact finder did not? Judge, the administrative judge in the first petition for review made, we'll say, assertions of how she would have come out on the merits had she not dismissed the matter for petition for review. So in our mind, it is certainly possible that the board still addresses the merits. And again, merits were raised in Mr. Coy's cross PFR filed at the board subsequent to the agency's petition for review of that first removal action. What happens if you win before the board in the first termination action? What do you get? So in the first termination action, Mr. Coy would get his back pay. He would get benefits from that. He still has not received that to date. And then you go on to the merits? Excuse me, the merits of the second termination, Your Honor? The first termination. So if Mr. Coy prevails in the... I might have misunderstood the question, Your Honor. I'm thinking on the terms of due process. If Mr. Coy prevails on the merits of the first action, then I think we've got a clear situation where there's... If you prevail at the board? Yes, Your Honor. So if Mr. Coy prevails at the board in the first termination action and the merits, right? The merits have not been addressed with respect to the first termination. Is that correct? No, Your Honor. So the merits were argued, of course, in the first appeal. The judge discussed the merits at length in the initial decision, ultimately issuing a dismissal, a reversal of the decision of specifically on the due process... Not on the merits based on the procedural ground of due process. That's correct, Your Honor. So this is what my point... So if you win and they send it, what, they remand? Now you win on due process and now a decision has to be made on the merits, correct? No, Your Honor. Generally what I would expect to happen if the board affirms on the due process issue is that Mr. Coy's... The overturning of that first termination action would actually take effect and he would actually be returning the status quo ante for that first termination. He would actually get his back pay from the time of that first termination. Yeah, but only until the time of the second termination. That's correct, Your Honor. Yes, absolutely. And again, but again to our point is when that happens, though, to petitioner's position, this second termination actually cannot have any force or effect until that first removal action is resolved. So at the time that... Why? What does a first termination have to do with the second, hearing the second action? The same action, Your Honor. I know. So what impact, what can be the possible impact of the first termination of the board decision on the first termination that would cause a reversal on the decision on the second termination? So the board impact on the first termination, again, I think prevents or precludes the second termination from having any force or effect. So where that first termination action, if it gets resolved in the sense that the due process violation is upheld by the board and the first termination action is overturned, not until that final action actually takes effect may the second termination actually take effect. So in petitioner's position... You're talking about it's getting a couple of years of back pay under that theory that he wouldn't get if we affirmed the board here. I don't believe so, Your Honor. I think the only back pay that would be awarded in the first termination action if he receives it on the... Well, he said that the second termination action couldn't be commenced until the first one was final. Then he'd get back pay up until the time that the second termination action... It was terminated pursuant to the second termination action, right? Yes, Your Honor. Sorry, I misunderstood your question. There would be a reinstatement to the status quo ante. Admittedly, that's not back to his normal position. The agency had placed him on an interim relief status, which would, of course, be mitigated by petitioner's efforts. So it is possible that there would be additional back pay. The interim relief order would remain in effect in the first case, notwithstanding resolution of the second case, right? Yes, Your Honor. Why isn't that then something that takes care of Mr. Khoi's concerns? I'm not sure that I'm understanding the question, Your Honor. Why... I mean, the interim relief statute, at first when I was looking at this case, I thought maybe that prevented the second action. But instead, if the interim relief order still remains in effect and in the first case he gets whatever recovery he would have gotten under the interim relief order, why does it matter that the second action has occurred in his proceeding? He's still going to get the money owed to him under the interim relief order in the first case. Judge, I think this goes back to the issue of this court's decisions and all the way back to Wharton Stone and the like, where there is a due process violation, as at least has been tentatively found in the first matter. Mr. Khoi and other appellants are not only entitled to a new constitutionally correct proceeding, but a new constitutionally correct proceeding. At this stage... But the second case is a new constitutionally correct proceeding. You seem to be suggesting that it's a constitutionally correct proceeding that must start at a particular time. Your Honor, not that it must start at a matter. But I think this court's case law and the board as well have articulated that what it means by a new constitutionally correct proceeding includes rescission or actual revocation of that first action. There can't be a new proceeding while the first action is still in effect. And so why not? Your Honor, this goes back to decisions back in... I think in the Howard case in 2017, this court addressed that issue. There was a cancellation for removal. And the agency in that case, there was a wholly cancellation of the first removal action. The agency eventually moved forward with a second removal that included charges from that. We have no... There's no authority from this court that having a second removal action commenced while an appeal is pending from the first removal action is improper, right? Not in those words, Your Honor, no. Right. And I read the board decisions. The only one that seems to me that supports you is, I forgot the name of the case, but it seems to be just general dictum about you can't have a second proceeding until the first one is finished. Whereas Shoemade and other cases say if the ground for setting aside the first decision was a procedural ground, that doesn't prevent you from starting the second proceeding while the first appeal is still pending, right? I disagree, Your Honor. So to answer, I believe the case you're referring to is Hanner. And one of the points on Hanner is it doesn't stand alone. It does build off the board's prior determination in Parker in 1990. I described Shoemade correctly, right? So Shoemade and Barcliff are cases close in time. And I think they're very easily distinguishable from what we're looking at here. Shoemade and Barcliff both deal with indefinite suspensions imposed because of suspended security clearances of those employees. And those types of situations, I think, are procedurally distinct. I think the board's processing of those shows that the board recognizes they're procedurally distinct. And that goes back, of course, you can all go back to Egan on the limit on review of these types of cases where there's a suspension for security clearance matters. And this court looked at that- Well, let me put it this way. Suppose the first appeal here had been just an appeal by the government and limited to the procedural issue. Do you agree that under those circumstances, even while the appeal was pending, the government could have started a second termination proceeding? No, Your Honor. If the action had been appealed as it was here and the agency had not rescinded the action, no. Why? What sense does that make? I see that my time is- There's two concurrent actions at the same time. Mr. Coy is effectively being punished concurrently for the same action. He's not going to be punished twice. There'll be two separate issues. One is his entitlement to back pay up until the time of the second termination. And the second one is the validity of the second termination. Why is that a bad situation? What's the problem? The problem, Your Honor, is because I think at two separate termination actions. So at this stage, as we sit here now- I'm asking you to address my hypothetical. The only issue with respect to the first termination action is procedural. The government appeals and says there wasn't a due process violation here. What is the problem with terminating him a second time when the first action is pending? With the first action is pending, Your Honor, it's our position that it's fully precluded here. By what? What source of law? Decades back of case law from this court supporting that approach and the board as well, Your Honor. What is the case law from our court supporting that approach? You just admitted that this was an issue of first impression for us. In my mind, Your Honor, if I gave that impression, my apologies. I think this board, going back to review of these situations, mentioned, for example, with the Howard case I began to mention previously, this court looked at a situation where there was an initial removal action. The agency wholly canceled that removal action, proceeded with a second removal only afterwards. And this court noted that this decision and ward explicitly envisions that an agency follow the very steps taken there. That is the correct procedure. That is the process that the agency should take. Are you talking about Villalobo? What are you talking about? The Howard, this court's Howard case from 2017, Your Honor. I see that my time has concluded for rebuttal. Unless there are further questions, we'll give you two minutes for rebuttal. Thank you, Your Honors. Thank you, Your Honors, and may it please the court. I'd like to address a few points. So with respect to the board case law, as Your Honor was mentioning, the cases that are most on point are cases like Shumate, where there actually are two adverse actions. There's a petition for review pending, and the agency does not wait for that first action to go final. So that's point number one. But sort of the more fundamental point that we made in our brief is there's no basis, let alone a persuasive basis, in the law for this rule that Petitioner has created. So, I mean, for example... Well, can I ask you a question? I mean, one of the things that was said that to me seemed most compelling was that perhaps there's some chance that in the first case the merits would be addressed by the board. How do you respond to that? Well, we're not sure how the merits would be addressed because in the first action, the basis of the board's decision was a violation of due process and harmful procedure error, essentially under the Stone Ward line of cases. And so if that's affirmed, then Mr. Coy is going to essentially likely be provided back pay based upon... But what if it's not? What if it's not affirmed? Would the board possibly go into the merits based on the cross appeal? Well, at that point, I'm not... The board itself, the administrative judge never reached the merits. So there were certainly within the opinion, the administrative judge made strong statements based upon the evidence. But if you look at the opinion, that was much more in the I mean, the board judge certainly looked at the evidence and provided statements, but they never reached the charges specifically in that first decision. Suppose the administrative judge had reached the charge and had alternative holdings. One, is there was a procedural due process violation, but two, if I'm wrong about that, I'd affirm on the merits and there's a cross appeal by the employee. That creates a situation where there might be inconsistent results between the two proceedings, right? Well, I'm not sure. I mean, I guess it would have to be played out whether or not that could possibly be the case. But here what we have, it seems like there's two potential outcomes in that that there was a due process violation. And that was the basis of the government's petition for review. In that case... But didn't COI have a cross petition here? And what was that based on? Well, it was based on a number of bases. It was based on, there was an EEO complaint. There was whistleblower protection. There was also a appealable issue on the merits of the removal itself. But that wasn't... The administrative judge there never actually reached that particular issue. But again... There were arguments on the merits in the first termination case, right? I'm sorry, Your Honor. There were arguments on the merits. There were clearly arguments on the merits here. But that's... So taking one step back too, I mean, in this appeal, there was never an argument made about this inconsistent decision. Isn't the answer to the question that we ought to apply the general rules of res judicata and collateral estoppel? And that if in this case, we decide that he was properly removed and the first proceeding was still pending, that would be collateral estoppel on that proceeding. Well, in this proceeding? Well, here the... Yes. Wouldn't it? Well, I'm not sure it would actually be res judicata here because petitioner... How does that show? If we decide in this proceeding that he was properly removed on the basis of the charge, that becomes, as long as the first proceeding is still pending, that becomes collateral estoppel on the first proceeding, doesn't it? That determination? Well, here in this particular... Answer my question. Well, I'm trying to answer it. So my point is that I don't think it necessarily would for the fact that he hasn't, with respect to, for example, issue preclusion, he hasn't raised the only merits... I have to raise it until the grounds for issue preclusion exist. Once we decide here that he loses, that becomes collateral estoppel in the first proceeding. Or if he wins, it becomes collateral estoppel in the first proceeding. Well, even if that's the case, what is the violation? Is that a due process violation? Because in the second proceeding, he had full due process. He had noticed an opportunity to raise his... The violation that the board has dealt with in these cases can be resolved by the ordinary application of rules of collateral estoppel and res judicata. And there's nothing in those principles that prevents starting a second proceeding while the first one is pending. And the first one is not res judicata or collateral estoppel until it becomes final. Does the government agree that if facts were different here, let's say the first case, the board, the administrative judge, didn't reverse for procedural reasons, but instead reversed on the merits. Then in that case, certainly the government would not be able to remove Mr. Coy for the same reasons, right? They couldn't instigate a second case, right? Well, I mean, I think that there are board cases saying that. I mean, where is... Does the government appeal if it lost on the merits in the first case before the AJ? Would we have? Could you? We could have. Yes, we could have appealed to the full board if we lost on the merits. But to answer your Honor's question, I think there are board case laws saying that there can't be two proceedings on the merits. But again, that's not the procedural issue we're dealing with here. I just wanted to know, because I wanted to know the limits of what you're asking for today. Well, so we're not... Do you understand? Sure, we're not... I see. Stop for a minute, please. Sure, I apologize. I see the government's position of wanting to be able to file a second case in the circumstances of this scenario where there hasn't been a quorum at the board and time is passing and there's just been a remand or just a decision for due process violations. But I wanted to know if this, an impact of a decision in your favor today, would result in a ruling where any time the government appealed, they could just initiate a new removal action against a government employee. So that's why I'm asking you this hypothetical, which is quite important. Sure. Do you want to answer the question differently or the same? So my answer would be, in this case, we've limited our arguments to the basis here that it's arising out of a stone ward violation, which is procedural. And that's all we've put forth is what the rule should be. With respect to your honors hypothetical about essentially two actions based upon the merits, that's not any relief we've sought here. It's not an argument we've put forth that the agency would need to... That that should be allowed. And so, for example, in a ruling, the ruling can certainly be cabined by the argument that we made, which was stone and ward require a new constitutionally correct proceeding. That has been provided to Mr. Coy. And based upon the facts here... So let's go back for a minute. I understand your... And I truly do. So let's go back to the facts here. Again, I'm troubled by the fact that Mr. Coy has crossed petition for review by the board on merits grounds. So could you tell me again why you think the board wouldn't address the merits grounds in this case, in the first case? Why the board wouldn't... The full board would not address the merits and would be limited to just the due process issue before it, that the government has raised. So I'm assuming you're talking about the full board. The agency, I'm not sure how the full board would address the merits as opposed to potentially, if it got to that particular issue, remanding it back to the AJ on... If we affirm here, how could the board address the merits in the pending case? It would be collateral estoppel, right? Sure, Your Honor. But I guess I don't see that as an issue that would defeat the arguments... Okay. Are you saying... I guess, are you saying wait until that proceeding... They're saying there's a possibility of two inconsistent decisions, okay? That's their argument. It's a troubling idea that you could have two inconsistent decisions. What I'm suggesting to you is, no, you can't have two inconsistent decisions because once this case decides the on the merits. I think that's right, Your Honor, and that could certainly... But if collateral estoppel applied, you're arguing the same parties, same issues, and a decision that was important to the determination that was reached. How can you get to that point and not violate the finality rule? There's pending before the... In the first case, in the first termination, you still have pending the merits. How can a second court come along and make a determination on the merits that would stop further action in this first case? Well, with respect to the issues that have been raised in the second proceeding, at least on appeal here, there's been no appeal on the merits issues with respect to whether the charges were sustained or not. That's because there was no decision on the merits in the first termination case. There was no decision on the merits. In fact, the board said, we're not going to decide this. We're not going to... Or the judge. I'm not going to decide the merits given that I find this decision on the procedure. Correct. But in this second proceeding, the proceeding that's on appeal here, Mr. Coy could have appealed to this court the merits issues with respect to his removal, and he hasn't. The only issue that was appealed, other than this legal issue we're talking about, is the scope of the charges issue. Let me give you another hypothetical. Suppose in the first case, the employee had won, and the AJ had determined that there was no violation of law or whatever. And the government had appealed that to the board. And while that appeal was pending, the government began a second termination proceeding based on the same charge in the hopes that with a different AJ, they might get a different decision. That would not be proper, right? Well, that certainly seems much along the lines of that that likely wouldn't be proper. And there's a lot of other hypotheticals. For example, what if the government brought six removal actions or something? And obviously, if there's something like bad faith or whatnot on the part of the government, I mean, I think that's a different situation. But what we're talking about here is that the reason why there was no, that the board, the administrative judge pointed to, was this Stone Ward violation. And what is the reason? What is the constitutional provision? What's the statute that would necessitate that the agency has to wait to take the same, to fix that procedural issue? What about the rule of finality? Well, but where is the rule of finality? Are you talking about the cases that petitioner has cited here, where they have sort of- I'm talking about, for example, that the various cases where we have found that we don't have any jurisdiction over an action, given that that same issues that are brought to us on appeal is currently pending in some other court. But this is a new action. I mean, it may involve- I get that, but I'm going to get back to the point that once the decision is made, what the AJ said, I'm not going to decide the merits because I'm ruling on this due process issue. Once that due process issue is resolved, one way or the other, the merits are still undecided in that first action. Well, but it's only up until the point of the second removal. And so here, this proceeding is only deciding- That's what they're arguing. You can't remove me the second time when I have a removal action that's still pending. Well, again, and that's the argument we put forth, which is what is the basis of- You can end up with inconsistent decisions. Well, again, that inconsistent decision argument wasn't actually raised here. But even if it was, we've sort of struggled when it's solely a procedural issue, it doesn't seem like there's been any articulation as to once if this court comes out with a decision, essentially saying the removal in this case was proper, what the harm would be in that particular situation. Because then the only piece remaining is the removal from the point of the initial removal, the notice of proposed removal in COI-1 up until the point when the initial decision happened. And so what is the harm in that particular situation? All that's been said is there has been, there's a rule at the board that says that there could not be two successive removals, and that's the Hanner case, but that's just dicta. And there's actually, it's not been grounded. There's certainly no double jeopardy issue here. There's no procedural- I think that the doctrine or whatever, the source of law that Mr. Hoy seems to rely on the most, or at least the interim relief statute, right? So how does that play out? So 7701 doesn't address this particular issue. And we know it doesn't address this issue because when there are cases, for example, so 7701 says that interim relief needs to be provided in certain situations where the petitioner prevails below. But for example, if the agency, let's just say this was completely unrelated charges, the agency doesn't have to keep that interim relief going indefinitely. But it's the same charges. But again, Congress- Can I ask you, are you saying that the second action could cut off the interim relief order provided by the first action? Is that your position? I mean, it's not an issue in this case, I don't think, but is that your position? Well, I mean, I don't think that in 7701, Congress specifically addressed that issue. And so whether or not- But didn't that say that if an agency, it says that the employee shall receive pay, capitalization, all other benefits, blah, blah, blah, pending the outcome of any petition for review. So as long as the government still has a petition for review pending, that person still gets paid, right? Well, by the text of the statute, that would address that particular situation. But what it doesn't address is the situation where the agency then comes in and takes a second adverse action. Do you think that Congress, by having this statute and having the agency take a second action that would thwart the statute's purpose, that that's okay? Because what you're arguing seems inconsistent with your position that you should be able to file this second action or be able to bring the second removal action. This is Congress's intent. It's certainly not the heart of our argument. My only point was that that particular statute doesn't address a second proceeding, whether it's on unrelated charges or not. Can I say something? It seems to me that if the second action changes congressional intent, that is that the employee gets paid until the petition for review is decided or until the government drops that, if the second action changed that, then there's something wrong here. Because then the statute, Congress's intent, is being violated by the agency. And that would suggest the second action can't occur, in my mind. How do you respond to that? Well, again, I don't think that that, I don't think we can draw from congressional intent necessarily the issue of a second action, a second adverse action. Was there an actual interim relief order here? There was an interim relief order. What does it say? I believe that's Appendix 206. And so it says that the agency has to, quote, cancel the removal and to retroactively restore appellant effective April 13, 2018. And then it provides a time period. But it also, so later on, and I'm approximately the fifth paragraph down, it says, if a petition for review is filed by either party, I order the agency to provide interim relief to the appellant in accordance with 5 U.S.C. Section 7701b2a. That will remain in effect until the decision of the board becomes final. And in general, based upon 7701, back pay, for example, does not, back pay attorney's fees does not need to be provided. There was interim relief granted for that approximate three-month period, but then there was a second action that took place. So once the second action took place, you discontinued payment? The agency discontinued payment? That's correct, Your Honor. So approximately from September 2019 to December 2019, he was restored. Under the interim relief order, he received compensation for that period of time. And then once in December 2019, the second removal was decided. At that point, he has not been receiving pay.  Mr. Bonk, you have two minutes. Thank you, Your Honors. Just a couple brief points regarding some discussion on the first termination. Did you ever argue that the second termination was barred by the interim relief statute? No, Your Honor. Okay. The first termination, it does, as mentioned, I believe briefly mentioned by the government and as discussed here previously, there are some claims at issue there, whistleblower retaliation, EEO, the like, that are raised from defenses that are under separate statutory authority than what's at issue here in the second termination action. So a resolution before this court of this particular matter would not resolve those pending matters, at least on the merits for that first termination action. Can you give me an example of how the pending appeal can result in a inconsistent decision? Certainly, Your Honor. If the board in the first termination action makes any determination on the merits, ultimately, then... Makes a determination on what? On the merits, Your Honor, if there is ultimately any determination. How can they if they only have the procedural issue before them? Again, Judge, I believe that it's possible that with the issues of the first termination filed on the cross PFR there, that there could be a decision from the board as a whole on those matters mentioned, the merits of the claim, those pending affirmative defenses as well. Where is that argument made in your blue brief? Not explicitly, Your Honor. Is it? It's not made? It's not listed in the brief. Because I don't remember reading it until I heard you say it today. That's correct, Your Honor. It's not discussed in the brief. Do you agree that one way or the other, if we decide that the removal here was proper or improper in this case, that that would be collateral estoppel in the first case? Again, Your Honor, I don't think that there would be collateral estoppel in the first case because there are those other affirmative defenses that were raised. Not as to those, but as to the merits. As to the merits of the removal. It's an issue here. Yes, Your Honor. There could be collateral estoppel in that circumstance, yes. Okay. I see my time has concluded. But when would that decision be made? Would it be made at the time that the board issues its decision or is about to? The decision on... When does a collateral estoppel argument come in? How can it come in to play today on this appeal? Isn't that an issue that will be brought up if the case goes back on the merits? If under the pending appeal? If the case goes back on the merits and the pending appeal... In other words, we can't issue an order. We can't decide collateral estoppel on this appeal. Would you agree with that? Oh, on whether there would be collateral estoppel, I believe I would agree with that, Your Honor, because it's up in the air on the first matter at this point in time, if I'm understanding your question correctly. Okay, but how could there be two inconsistent decisions if collateral estoppel applies? That's exactly the purpose of collateral estoppel. It's to prevent inconsistent decisions. And again, I may be misunderstanding your questions there, Your Honor, but I believe that it is a possibility that collateral estoppel applies if this court comes down. But again, on the merits... Who would decide that? Where would the argument of collateral estoppel be made? Not to us. No, Your Honor, it would be made to the board in that circumstance. That's correct. And only if the board is headed towards making an inconsistent decision. That is correct, Your Honor. Yes, I believe that would be accurate. Okay, anything further? All right, thank you.